# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| IN RE: | Case No. 11-29235 |
|---|---|
| Matthew & Dawn Beattie | Judge Schmetterer |
| | Trustee: Tom Vaughn |
| Debtor | |

| Matthew & Dawn Beattie | |
|---|---|
| Plaintiff, | |
| v. | ADV. 11-AP-02206 |
| Wells Fargo Bank, N.A. | |
| Defendant | |

## FINDINGS OF FACT

### A. The Parties

1. The Plaintiffs are Matthew Daniel Beattie and Dawn Ann Beattie ("Plaintiffs").

2. The Defendant is Wells Fargo Bank ("Defendant").

### B. Factual Background

3. On or about July 16, 2011, Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

4. Plaintiffs own the real estate commonly known as 23040 Lahon Road in Steger, Illinois, 60475, with a PIN of 32-34-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 (the "Premises").

5. The Defendant holds a second mortgage lien on the "Premises" in the approximate amount of $15,765.92.

Case 11-02206 Doc 9 Filed 12/16/11 Entered 12/16/11 12:24:28 Desc Main

6. A First Mortgage is secured against the Premises at higher priority than the Defendant's second mortgage lien against the Premises. That first mortgage is in the approximate amount of $131,384.41.

7. Plaintiff obtained a Comparative Market Analysis of the property indicating the value of the Premises' as $21,288.00.

8. The first mortgage is greater than the current value of the Real Estate leaving no equity for subsequent mortgages.

9. The second Mortgage Lien of Defendant is wholly unsecured.

10. On October 21, 2011, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on the Premises.

11. That on October 21, 2011, a copy of the summons and complaint was served in accordance with Rule 7004(h) of the Federal Rules of the Bankruptcy Procedure by certified U.S. Mail, postage prepaid to an officer of the Defendant.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the value of $21,288.00.

15. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This adversary action was brought before this Court pursuant to FRBP 7001 and 11 U.S.C. § 502 and §506.

4. The Defendant filed a claim in the underlying Bankruptcy in the amount of $15,765.92

5. That value of Plaintiff's residence is $21,288.00.

6. Because the Mortgage lien held by the Defendant is wholly unsecured, it should not be allowed as a secured claim and the mortgage lien may be modified. *In Re Mann*, 249 B.R. 831, 840 (1st Cir. BAP 2000); *In Re Pond*, 2001 U.S. App. Lexis 11287 (2nd Cir. 2001); *In Re McDonald*, 205 F.2d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Assoc.*, 212 F.3d 277 (5th Cir. 2000); *In Re Lam*, 211 B.R. 36 (9th Cir BAP 1357); *In Re Tanner*, 217 F. 3d 1357 (11th Cir.).

Dated: 12/19/11

Enter: _____
United States Bankruptcy Judge
DEC 19 2011

URBAN & BURT, LTD
5320 W. 159th St., Suite 501
Oak Forest, Illinois 60452
708-687-5200
\\uba.urbanburt.com\wp\iii\beattie.m.11\motions-orders\beattie.m.11-003-mor.wpd